IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS W. PAIGE, JR.,** : | | |
| Petitioner : | | |
| : | No. 1:22-cv-00717 | |
| v. : | | |
| : | (Judge Kane) | |
| **J.L. JAMISON, WARDEN,** : | | |
| Respondent : | | |

**MEMORANDUM**

Pro se Petitioner Chris W. Paige, Jr. ("Petitioner"), who is currently incarcerated at Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania ("FCI Allenwood"), has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. Nos. 1, 2.) He claims that prison officials at FCI Allenwood have violated his constitutional rights, as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), regarding their treatment of his opioid use disorder. (Id.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. § 2254, which is applicable to § 2241 petitions under Rule 1(b), the Court has given his petition preliminary consideration. For the reasons set forth below, the Court finds that Petitioner's claims have not been properly brought in a habeas petition under § 2241. Thus, the Court will dismiss the instant § 2241 petition for lack of jurisdiction.

I.     **BACKGROUND**

On May 16, 2022, Petitioner commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a memorandum of law and various exhibits in support thereof. (Doc. Nos. 1-1 through 1-5, 2.)[1] In his petition, he names J.L. Jamison, the Warden of FCI Allenwood, as the Respondent, and he asserts one ground for relief—that prison officials at FCI Allenwood violated his Eighth Amendment rights by denying him access to the Medication-Assistance Program ("MAT Program") and by exhibiting deliberate indifference to his opioid use disorder. (Doc. No. 1 ¶ 9(a).) Petitioner expands upon this sole ground for relief in his memorandum of law. (Doc. No. 2.)

Specifically, he alleges that he has opioid use disorder and that, in light of this disorder, he has been administered Suboxone at various correctional institutions where he has been incarcerated, including at FCI Allenwood during 2021. (Doc. No. 2 at 4.) He alleges that Suboxone has proven to be the most effective medication for him, as it "stops the cravings and stops the dangerous practice of . . . having to search the black market for illicit drugs." (Id. at 2.)

Plaintiff alleges, however, that at the beginning of February 2021, he received an incident report for drug diversion, and he was removed from the MAT Program at FCI Allenwood. (Id. at 2, 4.) He alleges that he "had a hearing" and that "he appealed the findings to the highest level." (Id. at 2.) In support of his allegations, Petitioner has submitted documentation concerning those proceedings. (Doc. Nos. 1-1 through 1-5.) As alluded to in Petitioner's own allegations, the documentation reveals concern on the part of prison officials at FCI Allenwood that Petitioner had been diverting and misusing his Suboxone. (Doc. Nos. 1-1 at 2, 1-2 at 3, 1-3 at 1, 1-4 at 2.) Petitioner, however, denies that these concerns are valid. (Doc. No. 2 at 3.)

---

[1] Petitioner paid the filing fee when he filed the petition. (Doc. No. 4.)

In connection with all of these allegations, Plaintiff asserts, in his memorandum of law, that his rights under the Eighth and Fourteenth Amendments were violated, as prison officials were deliberately indifferent to his serious medical need of having opioid use disorder. (Id. at 4.) Plaintiff also asserts that prison officials violated the ADA and RA for discriminating against his disability of having opioid use disorder. (Id.) As for relief, he seeks "either a temporary restraining order or a preliminary injunction." (Id. at 3.) Although he does not specify the exact form of injunctive relief he seeks, he appears to be requesting reentry into the MAT Program and to once again be prescribed Suboxone for his opioid use disorder. (Id. at 4 (alleging that his "abstinance [sic] is forcing [him] to seek medication on the black market . . .").)

In accordance with the legal standard set forth below, the Court has given the petition preliminary consideration. Ultimately, the Court finds that Petitioner's claims are not cognizable in a habeas corpus petition brought under 28 U.S.C. § 2241. As such, the Court will dismiss his petition for lack of jurisdiction.

## II. LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4, which is applicable to § 2241 petitions under Rule 1(b), provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. § 2254; Rule 1, 28 U.S.C. § 2254 (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" i.e., § 2254 petitions).

### III.     DISCUSSION

Federal law provides two (2) main avenues of relief for complaints related to incarceration: petitions for a writ of habeas corpus and civil rights complaints.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas, "requests for relief turning on circumstances of confinement" are the province of a civil rights action.  See id. (internal citation omitted);  Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("Whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—[the challenge] must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

In the instant matter, Petitioner has pursued the habeas corpus avenue under 28 U.S.C. § 2241.  Generally speaking, § 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence."  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that 28 U.S.C. § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the United States Court of Appeals for the Third Circuit has defined this phrase to mean "put into effect" or "carry out" see id. at 243 (citation and internal quotation marks omitted).

As a result, a federal inmate may challenge conduct undertaken by the United States Bureau of Prisons ("BOP") that affects the duration of the inmate's custody.  See, e.g., Barden v.

4

Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under § 2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence). A federal inmate may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." See, e.g., Cardona, 681 F.3d at 536-37 (providing that a federal inmate's petition is actionable under § 2241, where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").

Applying these principles here, the Court plainly finds that Petitioner's claims do not concern the execution of his sentence—that is, they do not challenge how prison officials at FCI Allenwood are carrying out or putting into effect his federal sentence. See Woodall, 432 F.3d at 243. Instead, they challenge how prison officials at FCI Allenwood are treating his opioid use disorder. (Doc. Nos. 1, 2.) Thus, because his claims do not concern the execution of his federal sentence, the Court concludes that they are not cognizable in a habeas corpus petition brought under 28 U.S.C. § 2241.

Consequently, the Court will dismiss the instant § 2241 petition for lack of jurisdiction. See Cardona, 681 F.3d at 537-38 (affirming district court's conclusion that it lacked jurisdiction over a federal inmate's habeas corpus petition brought under 28 U.S.C. § 2241, where the inmate's petition did not concern how the BOP was carrying out or putting into effect the inmate's federal sentence); Velez v. Howard, No. 19-cv-1648, 2019 WL 4687290, at *1-*2 (M.D. Pa. Sept. 26, 2019) (dismissing a 28 U.S.C. § 2241 petition, where the federal inmate "challenge[d] the adequacy of the medical care administered by the medical staff at FCI-

Allenwood (Medium)[,]" and sought injunctive relief related to receiving specialized medical care).

## IV.     CONCLUSION

To conclude, the Court has given Petitioner's 28 U.S.C. § 2241 petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 petitions under Rule 1(b), and that review reveals that Petitioner's § 2241 petition is subject to dismissal.  Specifically, the Court finds that Petitioner's claims do not concern the execution of his sentence and, thus, are non-cognizable under § 2241.  Accordingly, the Court will dismiss his petition for lack of jurisdiction.